**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| PLASTIPAK PACKAGING, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 20-cv-356 |
| | **JURY TRIAL DEMANDED** |
| CG ROXANE, LLC. | |
| Defendant. | |

## DEFENDANT CG ROXANE, LLC'S OPPOSED MOTION FOR A THREE WEEK EXTENSION OF DEADLINES FOR COMPLETION OF FACT AND EXPERT DISCOVERY

Defendant CG Roxane, LLC ("CG Roxane") hereby files its Opposed Motion for a Three Week Extension of Deadlines for Completion of Fact and Expert Discovery pursuant to Fed. R. Civ. P. 16. Good cause exists to extend these deadlines as shown below.

## BACKGROUND

This is a complex patent litigation case where the plaintiff, Plastipak Packaging, Inc. ("Plastipak"), has asserted infringement of eleven (11) patents against CG Roxane.

On February 2, 2021, Plastipak's counsel contacted CG Roxane's counsel to request re-working the then-current schedule which had a trial setting for October 2021. CG Roxane agreed to work with Plastipak, including working into the schedule concessions aimed at streamlining the issues in the case. Of greatest significance, in exchange for Plastipak reducing the number of asserted claims in the lawsuit, CG Roxane agreed to a significant reduction in the number of prior art arguments it would present in its opening expert report on invalidity. In February 2021, the Court allowed the parties' agreed motion to amend the scheduling order. *See* Dkt. Nos. 37 and 38.

Pursuant to that amended schedule, fact discovery is set to close on June 11, 2021. Dkt. No. 37-1. The deadlines for expert reports are June 18, 2021 (burden of proof) and July 16, 2021 (rebuttal). *Id*. The close of expert discovery is set for August 20, 2021. *Id*. The deadline for dispositive motions and *Daubert* motions is seven weeks later, on October 8, 2021. *Id*.

On April 28, 2021, while trying to work out deposition dates for the various witness, counsel for Plastipak proposed a three-week extension of its deadline for reducing the number of asserted claims and represented that is was "amenable to moving the expert report deadlines back to accommodate a change to the identification of claims deadline." Ex. D at 6. Although CG Roxane responded that it would agree to the proposed extensions, Plastipak later withdrew its request. *Id*. at 4

Now, due to recent developments, including CG Roxane's primary technical fact witness contracting COVD-19 and Plastipak's recent notice of three additional Rule 30(b)(1) depositions of CG Roxane personnel, the parties agree that they will not be able to complete fact discovery by June 11, 2021. Plastipak has repeatedly refused to extend the deadlines for fact discovery and expert reports, plainly as a tactic aimed at prejudicing CG Roxane's case. CG Roxane seeks a modest and reasonable three week extension for the fact and expert discovery deadlines, so the parties can complete pending fact discovery in an orderly fashion and then proceed with expert discovery. The extension does not alter the dispositive and *Daubert* motion deadlines, and Plastipak will still have four weeks after expert discovery is completed before dispositive and *Daubert* motions are due. Further, an extension would not alter the trial date. CG Roxane respectfully submits that good cause exists for this requested extension, from which Plastipak will not suffer prejudice.

## LEGAL AUTHORITY

The Court may modify a deadline in its scheduling order if the party seeking the modification shows good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)). To determine if there is good cause, the court must consider:

> "(1) the explanation for the failure to timely [comply with the scheduling order];
> (2) the importance of the [modification];
> (3) potential prejudice in allowing the [modification]; and
> (4) the availability of a continuance to cure such prejudice."

*Id.* (quoting *Meux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

## ARGUMENT

Good cause exists here as each of the factors favor extension. These will be addressed in turn.

### A.    The Explanation for the Failure to Timely Comply with the Scheduling Order

The parties have been diligently engaged in completing fact discovery before the deadline of June 11, 2021. Plastipak has already deposed two of CG Roxane's Rule 30(b)(6) witnesses. A third CG Roxane Rule 30(b)(6) witnesses, Nicolas Audouard, was designated for technical topics. Mr. Audouard is a senior engineer at CG Roxane with responsibility for the technical issues relevant to this patent case. On May 21, 2021, counsel for CG Roxane informed Plastipak that Mr. Audouard was available on June 8, 2021 for his Rule 30(b)(6) deposition. Ex. A at 7-8. Plastipak accepted this date.

Over the Memorial Day weekend, CG Roxane learned that Mr. Audouard had contracted COVID-19. On Tuesday, June 1, 2021, CG Roxane's counsel informed Plastipak's counsel of this development and the consequent necessity to reschedule his deposition. *Id*. at 6. Rather than agreeing to reschedule his deposition, Plastipak instead proposed that CG Roxane designate another person as its Rule 30(b)(6) witness for the technical topics. *Id*. at 3. Counsel for CG Roxane informed Plastipak that because CG Roxane is a family-owned company with a small senior management team, there is no such individual who could provide testimony on behalf of CG Roxane on the numerous topics for which Mr. Audouard has been designated. *Id*. at 1. CG Roxane is not a large company with multiple employees who can readily substitute in for each other.

Further, on May 28, 2021 (two weeks before the close of fact discovery), Plastipak served three Rule 30(b)(1) deposition notices for three additional CG Roxane witnesses, Shawn Fitzpatrick, Gwen Cariou and Nancy Davis. Ex. B. Plastipak noticed these three depositions all for June 11, 2021 and at the exact same time. There are already three depositions of Plastipak witnesses scheduled for June 8-10. Moreover, as noted above, CG Roxane is a family-owned business, and employees must be given adequate time to prepare and appear for deposition.

In light of (1) Mr. Audouard's illness and necessary recovery period, and (2) the three new Rule 30(b)(1) depositions all noticed for the last day of fact discovery, CG Roxane informed Plastipak that the noticed dates for those four witnesses were not feasible and that the parties should work with each other on a new schedule to enable the orderly completion of fact discovery. Rather than agreeing to a reasonable scheduling accommodation, Plastipak took the position that while the depositions could occur after June 11, 2021, the expert report deadline of June 18, 2021 should remain in place, and that it (Plastipak) could subsequently "supplement" its expert reports with information learned from the depositions. *See* Ex. C at 1-5. This approach would greatly prejudice

CG Roxane, because it would require CG Roxane's counsel to prepare and appear for fact depositions whilst simultaneously assisting experts on their reports. Further, there is no provision in the Scheduling Order for "supplementation" of expert reports, something which will surely invite further disputes and is not conducive to the orderly preparation of this case for trial.

In addition, there are other fact discovery issues pending between the parties, including: (a) outstanding document requests from CG Roxane to Plastipak; (b) a request from Plastipak to inspect three of CG Roxane's manufacturing facilities in different states; and (c) CG Roxane's notice of deposition of Plastipak's CEO.

Simply put, the parties agree that they cannot complete fact discovery by June 11, 2021. CG Roxane respectfully requests a three-week extension of the fact and expert discovery deadlines, so the parties can complete pending fact discovery in an orderly fashion. CG Roxane will confirm dates for the remaining depositions (including Mr. Audouard) shortly, and is not requesting that the parties be allowed to seek new fact discovery during the extension period.

**B.     The Importance of the Modification**

The requested extension is of great importance to CG Roxane. CG Roxane does not have another witness available besides Mr. Audouard for the important Rule 30(b)(6) technical topics. Further, CG Roxane should have sufficient time to prepare the recently-noticed three Rule 30(b)(1) witnesses for their depositions. And CG Roxane will be greatly prejudiced if its counsel are forced to prepare and appear for depositions during the very same week when expert reports are due.

**C.     Potential Prejudice in Allowing the Modification**
**D.     Availability of a Continuance to Cure Such Prejudice**

Neither party will be prejudiced with a modest three week extension to the fact and expert discovery deadlines. CG Roxane requests an extension of the fact discovery deadline to adequately prepare its witnesses for multiple depositions and to defend them at the same time. Further, an

extension of the expert report deadlines is also requested for at least two reasons: (1) in order to avoid the parties work on expert reports while completing fact discovery, and (2) in order to avoid Plastipak's threat of supplemental expert reports.

As noted above, an extension for these deadlines does not affect the dispositive motion and *Daubert* motion deadline or the trial date. The parties agreed to a scheduling order with buffer around these deadlines for this particular scenario. Furthermore, Plastipak is already on notice of CG Roxane's invalidity defenses (the subject of its opening expert reports) via CG Roxane's detailed written invalidity contentions, which were served in March 2021 and supplemented in April 2021, and its interrogatory responses. Plastipak has not challenged the adequacy of CG Roxane's written contentions. And pursuant to the Scheduling Order, CG Roxane will be narrowing its invalidity defenses at the expert report stage to four prior art arguments per claim. Dkt. No. 38. Accordingly, Plastipak cannot claim prejudice from the modest extension proposed by CG Roxane.

## CONCLUSION

For the reasons stated above, CG Roxane respectfully requests that the Court grant a three week extension for the fact and expert discovery deadlines. CG Roxane proposes that the scheduling order be amended so that fact discovery will close on July 2, 2021; that expert reports will be due on July 9, 2021 (burden of proof) and August 6, 2021 (rebuttal); and expert discovery will close on September 10, 2021. Good cause exists to grant the extension and neither party will be prejudiced.

Date: <u>June 7, 2021</u>          Respectfully submitted,

By: <u>*/s/Diana M. Sangalli*</u>

Anthony J. Fitzpatrick (*pro hac vice*)
MA Bar No. 564324
Attorney-in-Charge
ajfitzpatrick@duanemorris.com
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, Massachusetts 02110
Tel: (857) 488-4220

Diana M. Sangalli
Texas Bar No. 24033926
Federal I.D. 950229
dmsangalli@duanemorris.com
DUANE MORRIS LLP
Las Cimas, Building IV
900 S. Capital of Texas Hwy., Ste, 300
Austin, Texas 78746
Tel: (512) 277-2250

Evan J. Muller (*pro hac vice*)
IL Bar No. 6330178
ejmuller@duanemorris.com
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Tel: (312) 499-6700

Thomas W. Sankey
Texas Bar No. 17635670
Federal I.D. 7329
twsankey@duanemorris.com
Joshua B. Long
Texas Bar No. 24078876
jblong@duanemorris.com
DUANE MORRIS LLP
1330 Post Oak Boulevard, Suite 800
Houston, TX 77056-3166
Tel: (713) 402-3924

*Attorneys for Defendant*
*CG Roxane, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically pursuant to Local Rule 5.1 on June 7, 2021.  As such, this document was served on each party who is a registered ECF user.

/s/ *Diana M Sangalli*
Diana M. Sangalli

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, the parties met and conferred over this Motion via telephone on June 4, 2021. Counsel for CG Roxane was Anthony Fitzpatrick and counsel for Plastipak was Christopher Dillon. Mr. Dillon indicated that Plastipak was opposed to an extension.  On June 7, 2021, Mr. Dillon reiterated via email regarding Plastipak's refusal to accept an extension of deadlines. The parties are at an impasse.

/s/ *Diana M Sangalli*
Diana M. Sangalli