# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PLASTIPAK PACKAGING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CG ROXANE, LLC, <br><br> Defendant. | Civil Action No. 20-cv-356 <br><br> **JURY TRIAL DEMANDED** |

## PLASTIPAK'S RESPONSE TO DEFENDANT'S MOTION FOR A THREE-WEEK EXTENSION OF DEADLINES FOR COMPLETION OF FACT AND EXPERT DISCOVERY

## INDEX OF EXHIBITS

| Exhibit No. | Description of Exhibit |
|---|---|
| 1 | 2021-06-07 E-Mail Exchange Between Counsel Regarding Depositions |
| 2 | 2021-04-14 Plastipak's Notice of Corporate Deposition of CG Roxane, LLC |
| 3 | 2021-04-22 Plastipak's Notice of Deposition of Nicolas Audouard |
| 4 | 2020-04-29 CG Roxane, LLC's Rule 26(A)(1) Initial Disclosures |
| 5 | 2021-04-23 E-Mail Exchange between counsel regarding Notice of Corporate Deposition of CG Roxane, LLC |
| 6 | 2021-05-07 E-Mail Exchange Between Counsel Regarding Depositions |
| 7 | 2021-05-17 Plastipak's Notice of Deposition of Nicolas Audouard |
| 8 | 2021-05-28 Plastipak's Notice of Deposition of Gwen Cariou |
| 9 | 2021-05-28 Plastipak's Notice of Deposition of Shawn Fitzpatrick |
| 10 | 2021-05-28 Plastipak's Notice of Deposition of Nancy Davis |
| 11 | 2021-06-04 Defendant's Notice of Deposition of Joseph Ladina |
| 12 | 2021-06-04 E-Mail Exchange Between Counsel regarding Notice of Deposition of Joseph Ladina |

I.  **INTRODUCTION**

There is a need for a short extension to complete depositions that Plastipak timely noticed. One of the CG Roxane witnesses has a medical condition that prevents his deposition from occurring before June 24. CG Roxane also represents that three other deponents are not available before the June 11 fact discovery deadline, but Mr. Fitzpatrick and Ms. Davis can be available on June 17 and 22, respectively, while availability for Ms. Cariou is still unknown. The parties agree the Court should grant an extension to allow these four depositions of CG Roxane witnesses to go forward after June 11.

Beyond that, there is no need to extend any of the other deadlines in this case. In particular, there is no basis for CG Roxane's request to extend the deadline for all opening expert reports—which would include CG Roxane's opening invalidity report. CG Roxane's motion does not provide any justification for extending the deadline for its own report—even though this is a likely driver of CG Roxane's decision to file its motion.[1] Plastipak requests that the Court keep the June 18 expert report deadline, and allow Plastipak to supplement its infringement and damages expert reports by July 2. Plastipak does not want an extension to serve its reports. It just needs an opportunity to have its experts consider the information learned from these CG Roxane witnesses. Since CG Roxane knows what these witnesses know, any delay in incorporating this information will not prejudice CG Roxane, who will have an opportunity to respond to Plastipak's complete reports by the July 16, 2021, rebuttal report deadline.

---

[1] To the extent CG Roxane's repeated portrayal of itself as a small family business was intended to evoke sympathy, Plastipak notes that CG Roxane is a substantial water business manufacturing hundreds of millions of infringing bottles each year, and is represented by AMLAW 100 lawyers who are fully aware of their obligations to diligently pursue discovery and to comply with the Court's schedule and rules.

Plastipak would be highly prejudiced by a general extension of expert reports and expert discovery. Plastipak is currently scheduled for trial in the related patent case against Premium Waters starting September 27, 2021. The requested extension would push expert discovery from August 20 until September 10, and would give Plastipak only four weeks to file its dispositive motions—while the same attorneys and experts are busy preparing for and conducting that trial.

Additionally, CG Roxane also should not be given a general extension to take additional discovery that was not diligently pursued or timely noticed. *See* Plastipak's Expedited Omnibus Discovery Motion, filed concurrently herewith. And there is no good cause for CG Roxane to delay service of its invalidity expert report, which is due on June 18, or to delay filing its response to Plastipak's reports on July 16.

## II.   THE COURT SHOULD PERMIT A SHORT EXTENSION FOR PLASTIPAK TO COMPLETE ITS TIMELY NOTICED DEPOSITIONS

In light of CG Roxane's Motion (Dkt. 45), the parties jointly request the Court grant an extension to allow the four depositions of CG Roxane witnesses to go forward after June 11. After filing its motion, CG Roxane agreed to make its witnesses available on the following dates:

- Shawn Fitzpatrick:  June 17, 2021
- Nancy Davis:  June 22, 2021
- Nicolas Audouard: June 24, 2021
- Gwen Cariou: TBD.

Ex. 1 (2021-06-07 Email Correspondence) at 1.

Plastipak also requests the Court allow Plastipak to timely supplement its opening expert reports to cite this testimony. Plastipak was diligent in pursing each of these depositions, and the timing of these depositions was exclusively in CG Roxane's control. And because the information

from the depositions is already in CG Roxane's possession, CG Roxane will not be prejudiced by a limited supplement of Plastipak's opening expert reports.

### A.  The Audouard Deposition

On April 14, 2021, Plastipak served its 30(b)(6) deposition notice to CG Roxane, and on April 22, Plastipak noticed the individual deposition of Mr. Nicolas Audouard. Ex. 2 (Rule 30(b)(6) Notice of CG Roxane); Ex. 3 (Rule 30(b)(1) Notice of Mr. Audouard). Mr. Audouard is identified in CG Roxane's Initial Disclosures as a knowledgeable witness regarding "the design, development of the accused products[, and] injection blow molding." Ex. 4 (CG Roxane's Initial Disclosures) at 2. Thus, Plastipak initially noticed Mr. Audouard's deposition for May 6, 2021, prior to the May 21 deadline for Plastipak to narrow its asserted claims. Ex. 3 (Rule 30(b)(1) Notice of Mr. Audouard); *see also* Ex. 5 (2021-04-23 Email Correspondence) at 2.

In response to Plastipak's April notice, CG Roxane offered Mr. Audouard for deposition on June 8, three days before the close of fact discovery. Ex. 6 (2021-05-07 Email Correspondence) at 1 (offering Mr. Audouard's deposition on June 4); Dkt. 45-4 at 2 (changing the date for Mr. Audouard's deposition to June 8); *see also* Ex. 7 (Rule 30(b)(1) Notice of Mr. Audouard). CG Roxane also designated Mr. Audouard as its 30(b)(6) witness for fourteen topics, including all technical topics relating to the design and manufacturing of the accused products. Dkt. 45-1 at 9.

On June 2, 2021, CG Roxane notified Plastipak that Mr. Audouard would not be available on June 8 due to a medical condition. Dkt. 45-1 at 5. Plastipak agreed to suspend the deposition and requested CG Roxane prepare another 30(b)(6) witness on the topics for which Mr. Audouard was designated. *Id.* at 4. CG Roxane now says the earliest Mr. Audouard will be available is June 24 (Ex. 1 (2021-06-07 Email Correspondence) at 1), and that "CG Roxane will not designate a less knowledgeable person to provide testimony on these important topics based, frankly, on deadlines that are somewhat arbitrary in the overall schedule." Dkt. 45-1 at 2.

3

Mr. Audouard's testimony and designated topics are relevant to the issues of infringement—in fact, he is CG Roxane's only designee on infringement-related topics. Plastipak's opening infringement expert report is due on June 18, 2021. Thus, Plastipak requests permission to supplement its infringement report to address Mr. Audouard's June 24 testimony. Plastipak will serve its supplement, if any, on or before July 2, two weeks before the deadline for CG Roxane's responsive expert report.

### B.    The Cariou, Fitzpatrick, and Davis Depositions

Plastipak learned of the relevance of these individuals on May 27, during Mr. Papillaud's 30(b)(6) deposition. Though Mr. Papillaud was designated on financial and marketing topics, he identified these three individuals as having more relevant knowledge on those topics. Thus, Plastipak served 30(b)(1) notices for these individuals on May 28—the very next day—noticing the depositions for June 11, the last day of discovery. Ex. 8 (Rule 30(b)(1) Notice of Ms. Cariou); Ex. 9 (Rule 30(b)(1) Notice of Mr. Fitzpatrick); Ex 10 (Rule 30(b)(1) Notice of Ms. Davis). Plastipak has agreed to limit these depositions to four hours each. Since the filing of its motion, CG Roxane has provided dates for Mr. Fitzpatrick and Ms. Davis, and is working on a date for Ms. Cariou. Ex. 1 (2021-06-07 Email Correspondence) at 1. Plastipak requests that the Court order that CG Roxane produce each of the witnesses for deposition before June 24, 2021. Because these witnesses are expected to have testimony related to Plastipak's June 18 damages expert report, Plastipak requests permission to supplement its damages report on or before July 2, two weeks before the deadline for CG Roxane's responsive expert report.

### III. THERE IS NO GOOD CAUSE TO GRANT CG ROXANE A THREE-WEEK EXTENSION FOR ITS INVALIDITY EXPERT REPORT

#### A. There Is No Good Cause for CG Roxane to Obtain an Extension

There is no justification for CG Roxane's request for a three-week extension of time to complete its invalidity expert report, which is due on June 18. CG Roxane hastily filed its motion because Plastipak told CG Roxane last Friday, if it did not provide deposition dates within the discovery period by Monday June 7, that Plastipak would file a motion seeking leave to supplement its opening expert reports to include information learned from the depositions of CG Roxane witnesses. *See* Dkt. 45-3 at 2. On June 7, **before it provided dates for those depositions**, CG Roxane filed this motion seeking an extension of all expert report deadlines.

The information CG Roxane has not produced is information that **Plastipak** needs to complete its infringement and damages expert reports. It is not information that CG Roxane needs to complete its invalidity expert report. Plastipak does not want a three-week extension of the schedule, nor should such an extension work to the benefit of the party that necessitated it by failing to comply with its discovery obligations and deadlines. *See, e.g.*, *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (finding that "the district court did not abuse its discretion in denying Appellants' motion to extend the discovery deadline" because "Appellants failed to show diligence"); *see also Cole v. Sandel Medical Industries, L.L.C.*, 413 F. App'x 683, 690 (5th Cir. 2011) (noting that "the focus of the 16(b) inquiry is on the diligence of the party needing the extension," and that district courts have "broad discretion to preserve the integrity and purpose of the pretrial order" (internal quotation marks omitted)) (quoting *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Plastipak has complied with its discovery obligations. CG Roxane should not be permitted to rely on its own delay to secure a three-week extension for its own expert report.

5

### B.   Plastipak Would Be Prejudiced By an Extension

CG Roxane requests an extension for all fact discovery and, to do so, condenses the time period between service of expert reports and the filing of dispositive motions, prejudicing Plastipak. CG Roxane's apparent purpose in seeking a three-week extension is to gain time to conduct additional discovery. On June 4, 2021, CG Roxane served a deposition notice for June 11, 2021, for third-party Joseph Ladina, a deponent that CG Roxane had never before identified to Plastipak. Ex. 11 (Ladina Deposition Notice); Ex. 12 (2021-06-04 Email Serving Ladina Deposition Notice).[2] This deposition date was not only untimely, but was noticed for the same date that CG Roxane said would not work for any of the three depositions that Plastipak had previously noticed. By requesting an extension of fact discovery, CG Roxane is attempting to gain the opportunity to squeeze in additional discovery, not simply accommodate depositions that were timely noticed.

Pursuant to the Court's order (Dkt. 38), the parties were required to reduce the number of claims and defenses by certain dates. Plastipak was required to reduce the number of patent claims by May 21, and did so. Likewise, CG Roxane is required to reduce its invalidity defenses by June 18, when it serves its opening expert report. CG Roxane has not identified any outstanding discovery that it needs for this report.

Consistent with its experience in the Premium Waters case, Plastipak expects to file summary judgment motions related to infringement and CG Roxane's invalidity defenses. CG Roxane's proposed extension comes at the expense of both the time that Plastipak would have to (1) review CG Roxane's invalidity report before the dispositive motion deadline, and (2) review

---

[2] Plastipak has concurrently moved for a protective order regarding that deposition. Plastipak requests that this Motion to Extend, as well as its concurrently-filed Discovery Motion, be considered at the same time, as they are inextricably related and both require expedited rulings.

CG Roxane's non-infringement report. This is particularly prejudicial because CG Roxane has yet to provide detailed non-infringement contentions, deferring to its expert report. CG Roxane's delay in disclosing its contentions will prejudice Plastipak's ability to respond to those contentions.

Moreover, Plastipak would be highly prejudiced by the extension of expert discovery, as it would reduce the time Plastipak has between the close of discovery and the filing of dispositive motions. The current schedule has expert discovery concluding on August 20 and dispositive motions due on October 8. CG Roxane proposes to push expert discovery to September 10. Plastipak is currently scheduled to begin a related patent infringement trial on September 27, in Madison, WI. The same attorneys, fact witnesses, and experts will be tied up getting ready for and conducting a trial at the same time they would need to work on dispositive motions in this case.

## IV. CONCLUSION

The Court should deny the motion to generally extend the discovery schedule, but permit to Plastipak to take the four noticed depositions on or before June 24, 2021, and permit Plastipak to supplement its expert reports on or before July 2, 2021.

Dated:  June 8, 2021            Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Bailey K. Benedict*
    Christopher R. Dillon (pro hac vice)
    Attorney-in-Charge
    cwd@fr.com
    Whitney A. Reichel (pro hac vice)
    wreichel@fr.com
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA 02210-1878
    (617) 542-5070

    Ahmed J. Davis (pro hac vice)
    davis@fr.com
    Daniel R. Gopenko (pro hac vice)
    gopenko@fr.com
    FISH & RICHARDSON P.C.
    1000 Maine Ave., SW
    Suite 1000
    Washington, DC 20024
    (202) 783-5070

    Bailey K. Benedict
    Texas Bar No. 24083139
    Federal ID No. 1725405
    benedict@fr.com
    FISH & RICHARDSON P.C.
    1221 McKinney St.
    Suite 2800
    Houston, TX 77010
    (713) 654-5331

Counsel for Plaintiff
PLASTIPAK PACKAGING, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Bailey K. Benedict
Bailey K. Benedict
