United States District Court
Southern District of Texas
**ENTERED**
July 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PLASTIPAK PACKAGING, INC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-CV-356** |
| | § | |
| **CG ROXANE, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

This is a patent infringement case involving eleven patents associated with the design of plastic water bottles. Pending before the Court[1] are Plaintiff's Motion to Stay (Dkt. No. 57) and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 60). Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Stay be **GRANTED** and Defendant's Motion for Judgment on the Pleadings be **DENIED WITHOUT PREJUDICE** as **MOOT**.

**I.      BACKGROUND**

Plaintiff Plastipak Packaging, Inc. ("Plaintiff") filed this action on January 31, 2020 alleging Defendant CG Roxane, LLC ("Defendant") infringed on eleven of its patents that allow for more efficient use of the plastic contained in water bottles. (Dkt. No. 1.) Plaintiff simultaneously filed a similar case in the Western District of Wisconsin against Premium Waters, Inc. *See Plastipak Packaging, Inc. v. Premium Waters, Inc.*, No. 3:20-CV-98 (W.D. Wisc. 2020). On August 19, 2021, the district court in *Premium Waters* held that twelve of Plaintiff's patents—

---

[1] On April 7, 2022, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 67.)

including all eleven of the patents at issue in this case—were invalid under 35 U.S.C. § 102(f) for

failure to name all of the correct inventors. (Dkt. No. 57-1.) The district court entered judgment in

favor of Premium Waters and Plaintiff appealed to the Federal Circuit. (Dkt. Nos. 57-2, 57-3.)

Plaintiff then filed a Motion to Stay in this case pending the Federal Circuit's decision on the

*Premium Waters* appeal. (Dkt. No. 57.) Defendant opposes the stay and has separately filed a

Motion for Judgment on the Pleadings based on the doctrine of collateral estoppel. (Dkt. No. 60.)

For the reasons explained below, the Court agrees with Plaintiff that this case should be stayed

until the Federal Circuit renders its *Premium Waters* decision.

## II.   THRESHOLD ARGUMENTS

Defendant argues the Court is precluded from staying the case and instead must issue a

dismissal based on collateral estoppel because courts have no discretion in applying the doctrine

when its criteria are met. (Dkt. No. 58 at 4–5; Dkt. No. 60 at 13–15.)[2] This argument assumes

Plaintiff has admitted the elements of collateral estoppel are met—which it has not[3]—or at least

that this is an obvious case in which collateral estoppel applies—which it is not. The parties

adamantly dispute whether Plaintiff has been given a full and fair opportunity to pursue its claims

in *Premium Waters*, which is a necessary component of collateral estoppel, and the Court would

be unable to resolve this issue without conducting a detailed analysis. *See Blonder-Tongue Lab'ys,*

---

[2] The criteria for collateral estoppel are: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action." *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999) (quotations omitted). Additionally, a "patentee-plaintiff must be permitted to demonstrate, if he can, that he did not have a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time." *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971) (quotations omitted).

[3] Plaintiff represents that "[i]f the *Premium Waters* judgment is affirmed, then [Plaintiff] will dismiss this action because [it] cannot continue to litigate if all of its patents have been finally determined to be invalid." (Dkt. No. 61 at 1.) This is not a concession that collateral estoppel applies *at this moment*, as Defendant argues.

*Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333 (1971) ("Determining whether a patentee has had a full and fair chance to litigate the validity of his patent in an earlier case is of necessity not a simple matter.").

Defendant has provided no authority indicating the Court must determine whether collateral estoppel applies before staying a case. Defendant relies heavily on *Biogen International GmbH v. Amneal Pharmaceuticals LLC*, 487 F. Supp. 3d 254 (D. Del. 2020) to emphasize the lack of discretion courts have in applying collateral estoppel. However, the court in *Biogen* held it could not decline to apply collateral estoppel *if its requirements were otherwise met*. *Id.* at 266. Defendant also points to *Automated Transactions LLC v. First Niagara Financial Group*, No. 10-CV-407, 2011 WL 4841044 (W.D.N.Y. Oct. 12, 2011) in support of its argument. However, the court in *Automated Transactions* merely directed defendants to file a motion for summary judgment based on collateral estoppel, instead of granting their motion to stay, because defendants had mistakenly believed that collateral estoppel could not be applied until after an appellate decision was rendered. *See id.* at *1–2. Because defendants both requested the stay and would have benefited from collateral estoppel, the court found no reason to stay the case over a dismissal. *See id.* The court did not imply collateral estoppel must always be decided before a stay.

Defendant, therefore, has not persuaded the Court that it must immediately apply the doctrine of collateral estoppel or determine whether the doctrine applies before issuing a stay. The Court proceeds to determine whether a stay is appropriate at this time.

## III.    THIS CASE SHOULD BE STAYED

Courts have inherent power to stay the proceedings before them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power stems from the court's authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"

and involves the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. Courts in the Fifth Circuit generally consider three factors when determining whether to issue a stay: "(1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Cajun Offshore Charters, LLC v. BP Prod. N. Am., Inc.*, No. 10-CV-1341, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010). The decision on whether to stay the proceedings is left to the broad discretion of the trial court. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202 (5th Cir. 1983).

The Court finds a short stay appropriate in this case. First, any prejudice to Defendant would be minimal. Defendant argues the "specter of litigation against it" would damage its reputation if the Court does not immediately dismiss the case. (Dkt. No. 58 at 5.) However, Defendant does not point to any cases suggesting such damage, if it exists, is prejudicial in the context of a short stay.[4] Moreover, oral arguments in the *Premium Waters* appeal were heard on June 10, 2022 and a decision is likely forthcoming. *See Plastipak Packaging, Inc. v. Premium Waters, Inc.*, No. 21-2244 (Fed. Cir. 2022). This consideration weighs in favor of a stay. *See, e.g.*, *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, No. 18-CV-97, 2019 WL 13191609, at *2 (S.D. Tex. Aug. 26, 2019) (finding no prejudice to the party opposing a stay pending appeal because the appellate court had just heard oral argument); *Walton-Lentz v. Innophos, Inc.*, No. 08-CV-601, 2011 WL 1648668, at *2 (M.D. La. Apr. 29, 2011) (finding a stay appropriate when the

---

[4] Defendant's proposed solution—that the Court dismiss this case based on collateral estoppel, Plaintiff appeal the decision, and the appeal be remanded if the Federal Circuit reverses the *Premium Waters* findings—would still involve a lawsuit against it.

only prejudice to the opposing party was based on her own desire to try the case as quickly as possible).

Second, there is potential hardship on Plaintiff if a stay is not granted. There are several possible scenarios as to how this case could play out, including: (1) the Court does not stay this case and finds that collateral estoppel bars Plaintiff's claims, and Plaintiff appeals the decision; (2) the Court does not stay this case and finds that collateral estoppel does not bar Plaintiff's claims, and the parties proceed to the merits; (3) the Court stays this case and *Premium Waters* is ultimately decided against Plaintiff, and Plaintiff dismisses its claims as it represents it would do; or (4) the Court stays this case and *Premium Waters* is ultimately decided in favor of Plaintiff, and the parties proceed to the merits. Under several of these scenarios, Plaintiff would never have to expend the resources to appeal a collateral estoppel decision. Requiring Plaintiff to do so now would pose a potentially unnecessary hardship. This consideration weighs in favor of a stay. *See, e.g.*, *Dialysis Newco, Inc.*, 2019 WL 13191609, at *3 (finding there would be hardship if a stay was denied and defendants were forced to incur costs that would be obviated by appeal in another case); *Cohan v. Fresh Mkt., Inc.*, No. 18-CV-8883, 2019 WL 2372972, at *2 (E.D. La. June 5, 2019) (finding the hardship on defendant weighed in favor of a stay when defendant would otherwise be forced to incur potentially unnecessary costs).

Third, a stay could preserve a significant amount of judicial resources. If the Court were to apply collateral estoppel here and *Premium Waters* were to be decided in Plaintiff's favor, the Court would have wasted time and resources in performing the collateral estoppel analysis. But if the Court were to stay the case and *Premium Waters* were to be decided against Plaintiff, Plaintiff would dismiss this case and the Court would be relieved altogether of performing a collateral estoppel analysis. In other words, proceeding at this juncture would require the Court to perform

a potentially unnecessary analysis. This factor weighs in favor of a stay. *See, e.g.*, *Horizon Medicines LLC v. Teva Pharms. USA, Inc.*, No. 20-CV-8188, 2021 WL 1783287, at *2 (D.N.J. May 5, 2021) (finding it to be "very much in the interest of judicial economy" to grant a motion to stay when "[t]here is a significant risk that a Federal Circuit decision . . . could render any litigation of . . . collateral estoppel . . . a waste of time"); *Grecia v. Adobe Inc.*, No. 16-CV-6283, 2018 WL 6523983, at *2–3 (N.D. Cal. Dec. 12, 2018) (granting a stay pending Federal Circuit decision because it could dispose of plaintiff's case altogether); *Nichia Corp. v. Mary Elle Fashions, Inc.*, No. 16-CV-615, 2016 WL 9558954, at *2 (E.D. Tex. Dec. 22, 2016) (granting a stay pending Federal Circuit decision that could simplify the issues before the court or even be wholly dispositive of the case).[5]

The Court is aware of one case reaching a different conclusion than here—*DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808 (E.D. Tex. 2014)—which Defendant does not cite. The court in *DietGoal* determined collateral estoppel applied and declined to stay the case, expressing concern that defendants might be deprived of making merits-based arguments before the Federal Circuit if it pursued a different course. *Id.* at 815–16. Defendant here has raised no such concern. In any event, the plaintiff in *DietGoal* indicated it only *intended* to appeal the related case but had not yet begun the process. *Id.* at 811. Plaintiff here has already appealed *Premium Waters* and oral argument has already been held. The circumstances of this case and *DietGoal* are, therefore, very different.

In sum, while it may be appropriate in some circumstances to determine whether collateral estoppel applies instead of issuing a stay, that is not the best course of action here. All three factors

---

[5] Defendant distinguishes these cases because none involve a judgment in the related case concerning all relevant patents at issue, as here. (Dkt. No. 60 at 14–15; *see* Dkt. No. 63-2.) Defendant, however, fails altogether to explain the significance of this distinction.

weigh in favor of a stay pending the forthcoming Federal Circuit decision in *Premium Waters*. This case should be stayed.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Stay (Dkt. No. 57) be **GRANTED** and Defendant's Motion for Judgment on the Pleadings (Dkt. No. 60) be **DENIED WITHOUT PREJUDICE** as **MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on July 21, 2022.

Sam S. Sheldon
United States Magistrate Judge